I concur with the majority in affirming the judgment of the trial court on all of appellant's assignments of error except number four. In his fourth assignment of error, appellant argues that he should have been advised of the possibility of post release control at the time of sentencing. I agree, and, therefore dissent from the majority opinion on this assignment. I would vacate appellant's sentence and remand for further proceedings consistent with R.C. 2967.28 and the decisions in Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103 (* * * a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence). This court has expressly ruled that even after a jury trial and verdict, the trial court must inform defendant during sentencing of any applicable post release control. State v. Rashad (Nov. 8, 2001), Cuyahoga App. No. 79051, unreported, 2001 Ohio App. LEXIS 4995. I see no reason to deviate from this court's prior ruling.